# MICHAEL KOBER *v.* STATE OF MARYLAND

[No. 456, September Term, 1978.]

*Decided January 12, 1979.*

The cause was argued before DAVIDSON, LISS and MACDANIEL, JJ.

*Louis P. Willemin, Assistant Public Defender,* with whom were *Alan H. Murrell, Public Defender,* and *Geraldine Kenney Sweeney, Assistant Public Defender,* on the brief, for appellant.

*Stephen Rosenbaum, Assistant Attorney General,* with whom was *Francis Bill Burch, Attorney General,* on the brief, for appellee.

MACDANIEL, J., delivered the opinion of the Court.

Michael Kober, the appellant, was subpoenaed to appear as the State's witness in the case of *State v. Quinton Donnell Owens,* tried in May 1978, in the Circuit Court for Washington County. During that trial he was found in direct (criminal) contempt of court.[1] He now appeals that finding.

---

1. The appellant was summarily punished under Maryland Rule P3, Direct Contempt.

When the appellant was called to the stand, he immediately announced that he did not intend to testify. The trial judge advised him that his failure to testify might result in his being held in contempt of court. The appellant then answered questions establishing that he was an inmate at the Maryland Correctional Institution on the date of the incident for which Quinton Donnell Owens was being tried. When he was asked whether he was in a certain area of the prison and whether he had ever seen State's Exhibit No. 2 (a knife), the appellant stated that he didn't wish to answer. The court then instructed the appellant to answer, but he continued to refuse. At no time did the appellant indicate his reasons for refusing to testify. The trial judge held the appellant in contempt of court and, later, stated:

> "Your refusal was an unprivileged refusal to answer two relevant questions, and this Court found you in contempt."

The appellant was sentenced to a period of six months imprisonment to be served consecutively to the sentence which the appellant was then serving.

The appellant argues that, because there had been no inquiry by the trial judge as to whether his refusal to testify was privileged under his Fifth Amendment right against compulsory self-incrimination,[2] there was no basis for the finding of contempt. We agree.

The Court of Appeals stated in *State v. Roll and Scholl,* 267 Md. 714, 727, 298 A. 2d 867, 875 (1973):

> "Historically, criminal contempts were positive acts which offended the dignity or process of the court. Holding an offending party in contempt of court was

---

2. The Fifth Amendment to the Constitution of the United States provides, in pertinent part:

"No person ... shall be compelled in any criminal case to be a witness against himself. . ”

This provision has been held applicable to the States through the Fourteenth Amendment Due Process Clause. Malloy v. Hogan, 378 U. S. 1, 84 S. Ct. 1489, 12 L.Ed.2d 653 (1964). *See also* Brown v. State, 233 Md. 288, 196 A. 2d 614 (1964).

designed to vindicate the authority and power of the court and punish disobedience to its orders."

While a witness's (as opposed to defendant's) refusal to testify may offend the process of the court, the refusal does not offend that process if it is privileged under a Fifth Amendment right against compulsory self-incrimination. *See Gardner v. State,* 10 Md. App. 691, 272 A. 2d 410, *cert. denied,* 261 Md. 724 (1971). In that case, a witness who refused to testify was found in contempt of court, but it was clear that the refusal to testify was not privileged.

We hold that, because of the critical role which the right against compulsory self-incrimination plays in our legal system, a trial judge before finding a witness in contempt must ascertain, by inquiry when necessary, whether a refusal to testify is privileged. Only if the judge has determined from the evidence that a witness's refusal to testify is not privileged, may he find that witness in contempt of court.

In the present case, it was not readily apparent whether the appellant claimed the privilege or whether his refusal to testify was privileged under the Fifth Amendment right against compulsory self-incrimination. Accordingly, the trial judge should have inquired as to the reason for the witness's refusal to testify and determined whether the privilege applied.[3] For this reason, we must reverse the finding of contempt.

We note that many cases make the statement that a court has no duty to advise a witness of his Fifth Amendment right against compulsory self-incrimination. *See* 98 C.J.S. *Witnesses* § 449 (1957). These cases, however, are inapposite to the issue now before this Court. They involve, generally, a situation where a witness is later prosecuted because of evidence which he revealed in his testimony or cases in which

---

3. The trial judge's statement, "Your refusal was an unprivileged refusal to answer ....." does not reflect a determination of whether, in fact, the witness could refuse to testify because of his right against compulsory self-incrimination.

the defendant, to gain an advantage for himself, raises the issue for the witness.

*Judgment reversed.*
*Costs to be paid by Washington County.*